IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

ROBERT WESLEY CHOATE,           )
                                )
        Petitioner,              )
                                )
v.                              )   Case No. CIV-09-870-D
                                )
MARVIN VAUGH-WARDEN,             )
                                )
        Respondent.              )

**Report and Recommendation**

Mr. Robert Choate seeks habeas relief based on alleged error in the administration of his sentences. The Respondent seeks summary judgment,[1] and the Court should grant the motion. The undisputed evidence does not reflect a violation of federal rights, the alleged error would not affect the duration of Mr. Choate's time in prison, and the action is untimely as a matter of law.

I.    Background

Mr. Choate was convicted in three separate state cases. According to Mr. Choate, the Department of Corrections ("DOC") is administering the sentences in the wrong order.[2]

---

[1]   The Respondent filed a motion to dismiss, but relied on evidence outside the petition. *See* Respondent's Motion to Dismiss and Brief in Support (Sept. 11, 2009). As a result, the Court converted the motion to one for dismissal or, in the alternative, for summary judgment. Order (Sept. 16, 2009); *see* Fed. R. Civ. P. 12(d); *infra* p. 2; *see also Alloway v. Jordan*, 69 Fed. Appx. 431, 433 (10th Cir. July 7, 2003) (unpublished op.) (stating that when the movants requested dismissal on a habeas petition, the district court should have provided notice of conversion to a summary judgment motion and an opportunity to respond with opposing evidence prior to consideration of materials beyond the petition).

[2]   Petition for Speedier Release Habeas Corpus at p. 5 (Aug. 11, 2009).

Two of the state convictions took place in Cleveland County District Court on June 8, 2000. In the two cases, Mr. Choate obtained two concurrent sentences of five years and two concurrent terms of one year.[3]

On December 17, 2001, Mr. Choate obtained a 30-year sentence in Oklahoma County District Court.[4]

Obviously, the Cleveland County District Court had imposed the one-year and five-year sentences before the Oklahoma County District Court issued the 30-year sentence. Nonetheless, the parties agree that the DOC is administering the Oklahoma County sentence before the multiple sentences issued by the Cleveland County District Court.[5] The disagreement is solely whether the DOC is administering the sentences in the wrong order.

The Petitioner states that the Cleveland County sentence should be administered first, pointing to DOC policy. The Respondent states that the Oklahoma County sentence should be administered first, relying on state law.

II.     Standard for Summary Judgment

Federal statutory law does not address the standard for summary judgment in habeas proceedings. Thus, the Federal Rules of Civil Procedure govern the Respondent's motion.[6]

---

[3] Petitioner's Response to Motion for Dismissal or Summary Judgment at pp. 4-5 (Sept. 30, 2009).

[4] Petitioner's Response to Motion for Dismissal or Summary Judgment at p. 5 (Sept. 30, 2009).

[5] Petition for Speedier Release Habeas Corpus at p. 2 (Aug. 11, 2009); Respondent's Motion to Dismiss and Brief in Support at p. 3 (Sept. 11, 2009).

[6] *See* Fed. R. Civ. P. 81(a)(4).

2

The applicable rule is Fed. R. Civ. P. 56(c). Under this rule, summary judgment is necessary when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[7] When a respondent seeks summary judgment, the petitioner "must go beyond [his] pleadings and present some evidence in support of [his] claims."[8] When the petitioner presents such evidence, the Court views the record in the light most favorable to the non-movant.[9] But when only one reasonable outcome exists, summary judgment is necessary.[10]

III. Undisputed Evidence that the Sentence Is Being Properly Administered

Mr. Choate's sole habeas claim is based on a misreading of a DOC policy and disregard for an unambiguous Oklahoma law. Both require the DOC to administer the Cleveland County sentences after the one issued in Oklahoma County.

---

[7] Fed. R. Civ. P. 56(c).

[8] *Price-Cornelison v. Brooks*, 524 F.3d 1103, 1109 (10th Cir. 2008) (citation omitted). Because Mr. Choate verified the petition and his response brief, the documents are considered "affidavits" for purposes of summary judgment. *See Conaway v. Smith*, 853 F.2d 789, 792 (10th Cir. 1988) (*per curiam*) ("a verified complaint may be treated as an affidavit for purposes of summary judgment if it satisfies the standards for affidavits set out in Rule 56(e)" (citations omitted)); *Longstreth v. Maynard*, 961 F.2d 895, 902 (10th Cir. 1992) (stating that a prisoner's brief, verified under penalty of perjury, satisfied Fed. R. Civ. P. 56(e) for purposes of summary judgment); *see also Coates v. Shanks*, 229 F.3d 1162, 2000 WL 1175611, Westlaw op. at 4 (10th Cir. Aug. 17, 2000) (unpublished op.) (treating a prisoner's federal habeas petition as an "affidavit" because it had been verified).

[9] *See, e.g.*, *Faustin v. City*, 423 F.3d 1192, 1198 (10th Cir. 2005).

[10] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Petitioner appears to acknowledge that Oklahoma law requires the DOC to administer the sentences in the order that they are received by the institution.[11] The pertinent Oklahoma statute provides:

*Sentences to be served in order received by penal institution - Concurrent sentences - Credit for good conduct*

> When any person is convicted of two or more crimes in the same proceeding or court or in different proceedings or courts, and the judgment and sentence for each conviction arrives at a state penal institution on different dates, the sentence which is first received at the institution shall commence and be followed by those sentences which are subsequently received at the institution, in the order in which they are received by the institution, regardless of the order in which the judgments and sentences were rendered by the respective courts, unless a judgment and sentence provides that it is to run concurrently with another judgment and sentence.[12]

In the habeas petition, Mr. Choate relied solely on Section VII(A)(2)(a) of a DOC policy.[13] As Mr. Choate states, this clause provides:

> Earliest dated Judgement and Sentence, order of revocation of suspended sentence, or executive revocation of parole will be considered the controlling case. Other sentences of consecutive status will be sequenced in chronological order, from the earliest dated to the most recent. For purposes of sequencing consecutive cases, the date of revocation of probation or parole (as recorded on revocation orders from the district court or the Governor's office) will be considered the date of sentencing.[14]

---

[11] Petitioner's Response to Motion for Dismissal or Summary Judgment at p. 6 No. 9 (Sept. 30, 2009) ("DOC books in sentences in the order received by the courts as required by law Title 21 O.S. § 61.1.").

[12] Okla. Stat. tit. 21 § 61.1 (emphasis in original).

[13] Petition for Speedier Release Habeas Corpus at p. 3 (Aug. 11, 2009).

[14] Department of Corrections, OP-060211, p. 44 pt. VII(A)(2)(a), *quoted in* Petition for Speedier Release Habeas Corpus at p. 3 (Aug. 11, 2009); *see also* Order (Dec. 7, 2009) (taking judicial notice of the DOC policy).

Mr. Choate has apparently overlooked Part VII(A)(2)(d) of the same policy, which provides:

> Commitment documents received subsequent to the date of the reception process will be sequenced in the order they are received by the institution, the probation and parole district office, or the Sentence Administration and Offender Records Unit unless otherwise directed by the court.[15]

The Petitioner correctly states that upon his entry to prison, authorities already had "notice" of the sentences imposed in Cleveland County District Court.[16] From this notice, the Petitioner apparently assumes that prison authorities should have administered the Cleveland County sentences before the Oklahoma County sentence. But, the DOC policy does not base the sequence on the availability of "notice." Instead, like the state law,[17] the DOC policy bases the sequence on the date that the institution receives the "[c]ommitment documents."[18]

Mr. Choate does not question the fact that when he entered DOC custody on January 23, 2002, he was billed in to begin service on the Oklahoma County sentence.[19] Under

---

[15] Department of Corrections, OP-060211, pp. 44-45 pt. VII(A)(2)(d); *see also* Order (Dec. 7, 2009) (taking judicial notice of the DOC policy).

[16] Petitioner's Response to Motion for Dismissal or Summary Judgment at p. 6 No. 9 (Sept. 30, 2009) ("Respondent's Exhibit 6, page 3 at comments section after question 7 shows that DOC prison officials had notice of CF-98-1322 and CF-98-1903 at the time of reception." (citation omitted)).

[17] *See supra* p. 4.

[18] *See supra* p. 5.

[19] *See* Petitioner's Response to Motion for Dismissal or Summary Judgment at p. 6 No. 10(a) (Sept. 30, 2009) (the Petitioner's acknowledgment that he was billed in on the Oklahoma County sentence on January 23, 2002).

Oklahoma law and DOC policy, the dispositive inquiry is when the institution received the commitment documents for the Cleveland County sentences. Jim Rabon, Administrator for the Department for Sentence Administration and Offender Records, states under oath that the DOC received the Cleveland County commitment documents on February 13, 2002,[20] three weeks after Mr. Choate had begun to serve the Oklahoma County prison term. Mr. Choate has not presented any contrary evidence.

As a result, the evidence is undisputed that the Petitioner's sentence is being administered in the sequence required by state law and DOC policy. In these circumstances, the Court would be compelled to reject Mr. Choate's sole habeas claim.

IV.     The Habeas Claim, Even If True, Would Not Affect the Duration of Mr. Choate's Incarceration

As the Respondent points out, the sequence of the sentences would not affect the duration of Mr. Choate's incarceration. The Petitioner mistakenly believes that he should have begun serving Cleveland County District Court's 5-year term before the 30-year term imposed by Oklahoma County District Court. Regardless of the sequence, however, the total of the sentences would be 35 years.

The Petitioner argues that the sequence is disadvantageous because he has earned 109 days in credit and eligibility for parole.[21] The argument is misguided. If Mr. Choate had

---

[20]    Respondent's Motion to Dismiss and Brief in Support, Exh. 7 at p. 1 preface & pp. 1-2 No. 2 (Sept. 11, 2009).

[21]    Petitioner's Response to Motion for Dismissal or Summary Judgment at p. 9 (Sept. 30, 2009) ("Between June 8, 2000 and December 17, 2001, plus earned credits and/or deferred reception credits, 109 days jail time credit before sentences were rendered, and parole eligibility

earned 109 days credit and parole eligibility on the Cleveland County sentences, he will obtain the benefits whenever he begins serving these prison terms. If the credit or parole eligibility pertains to the Oklahoma County sentence, he will obtain the benefit prior to his rebilling to the Cleveland County sentences. As a result, the alleged acquisition of 109 days in credit and parole eligibility would yield the same benefit, regardless of the sequence of the prison terms. In these circumstances, the Court should conclude that the sequence of the sentences would not ultimately affect the duration of Mr. Choate's incarceration.

V.  The Action Is Time-Barred

The habeas action is also time-barred as a matter of law.

Mr. Choate filed the habeas petition no later than August 6, 2009,[22] and a one-year limitations period exists.[23] This period can be postponed until the factual predicate for the claim becomes discoverable with due diligence.[24]

---

consideration.").

[22]   The petition is deemed "filed" when Mr. Choate had given it to prison officials for mailing. *See Fleming v. Evans*, 481 F.3d 1249, 1255 n.2 (10th Cir. 2007). The Court may assume *arguendo* that the Petitioner had done so on the date that he verified the petition. *See United States v. Gray*, 182 F.3d 762, 766 (10th Cir. 1999) ("Because the only evidence of the date appellant gave his motion to prison authorities for mailing is his certificate of service, which contains a declaration in compliance with 28 U.S.C. § 1746, that he did so on April 21, appellant's motion was timely." (footnote omitted)). That date was August 6, 2009. *See* Petition for Speedier Release Habeas Corpus at p. 6 (Aug. 11, 2009).

[23]   *See* 28 U.S.C. § 2244(d).

[24]   *See* 28 U.S.C. § 2244(d)(1)(D).

Under the undisputed evidence, Mr. Choate should have been able to discover by January 16, 2004, that authorities were administering the Oklahoma County sentence before the Cleveland County sentences. On that date, he signed a custody assessment form, which shows that he still had to serve 25 years of consecutive sentences.[25] With due diligence, the Petitioner should have become aware on this date[26] that the Oklahoma County sentence was being administered first and that the Cleveland County sentences remained.[27]

---

[25] Respondent's Motion to Dismiss and Brief in Support, Exh. 6 at pp. 4-5 (Sept. 11, 2009). Mr. Choate claims that the custody forms are pre-dated and do not permit "changes of erroneous information." Petitioner's Response to Motion for Dismissal or Summary Judgment at p. 8 (Sept. 30, 2009). And, he claims that "the only DOC staff member present [at the DOC Adjustment Reviews] coercively demands immediate signing and promises of correction." *Id.* But the Petitioner does not challenge the date or information contained in the January 2004 custody assessment. And, even if his allegations were true, Mr. Choate would have been alerted to the inclusion of allegedly erroneous information about his remaining sentences. At that point, Mr. Choate had the responsibility to diligently pursue relief. *See* 28 U.S.C. § 2244(d)(1)(D).

[26] The Respondent argues that Mr. Choate should have become aware of those facts when he signed his initial custody assessment form in January 2002. *See* Respondent's Motion to Dismiss and Brief in Support at pp. 7-8 (Sept. 11, 2009). Admittedly, this form does indicate that the Oklahoma County sentence is the controlling case. *See id.*, Exh. 6 at p. 2. But in his verified response, the Petitioner swears that he had been informed of a discharge on the Cleveland County sentences. Petitioner's Response to Motion for Dismissal or Summary Judgment at p. 5 (Sept. 30, 2009). With that information, the Petitioner could have expected completion of his Cleveland County sentences. And, while the first custody assessment form mentions the Cleveland County sentences, it does not explain their disposition. *See* Respondent's Motion to Dismiss and Brief in Support, Exh. 6 at p. 2 (Sept. 11, 2009). Thus, a factual dispute exists regarding Mr. Choate's understanding as of January 2002.

[27] The Oklahoma County and Cleveland County sentences were the only ones that Mr. Choate was serving. *See supra* pp. 1-2; *see also* Respondent's Motion to Dismiss and Brief in Support, Exh. 1 at p. 1 (Sept. 11, 2009). Because the Oklahoma County sentence was listed as the controlling case, the reference to the remaining "25 years worth of CS cases" had to refer to the Cleveland County sentences. *See id.*, Exh. 6 at p. 5.

Because the Petitioner should reasonably have been aware of the factual predicate on January 16, 2004, the limitations period then began to run.[28] Thus, the one-year limitations period would have ended by January 18, 2005.[29]

The Petitioner states that he could not have learned of the factual predicate until August 18, 2009, when he received documentation of a recent adjustment review.[30] This argument is invalid because Mr. Choate had prepared and signed the habeas petition at least twelve days prior to his receipt of the adjustment review documents.[31] He obviously was able to prepare the habeas petition before his receipt of the adjustment review.

The Petitioner also alleges the presence of "State-created impediment[s]."[32] This allegation implicates 28 U.S.C. § 2244(d)(1)(B), which postpones the beginning of the limitations period until "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action."

---

[28] *See supra* p. 8.

[29] The one-year limitations period would have expired on January 16, 2005, which fell on a Sunday. And, January 17, 2005, was a legal holiday. Under these circumstances, Mr. Choate would have had until January 18, 2005, to file a federal habeas petition. *See* Fed. R. Civ. P. 6(a)(3).

[30] *See* Petitioner's Response to Motion for Dismissal or Summary Judgment at p. 6 (Sept. 30, 2009) ("Petitioner was not adequately notified by DOC prison officials that the sentences for CF-98-1322 and CF-98-1903 were not being properly administered until receiving Adjustment Review documents on August 18, 2009." (citation omitted)).

[31] Petition for Speedier Release Habeas Corpus at p. 6 (Aug. 11, 2009); *see supra* note 22.

[32] Petitioner's Response to Motion for Dismissal or Summary Judgment at pp. 2-4 (Sept. 30, 2009).

Mr. Choate alleges four state-created impediments:

- lack of access to legal materials and assistance,
- failure to provide and allow for adequate grievance procedures,
- screening of legal pleadings, and
- notification of the completion of the Cleveland County sentences.[33]

Under this provision, the Petitioner must show that one of these impediments violated the federal constitution and prevented the filing of a claim.[34]

In complaining about the access to legal materials, Mr. Choate alleges: (1) limited seating in the library, (2) locking of reference books, and (3) limited availability of staff to provide access to the materials.[35]

Mr. Choate does not explain how limited library seating or limited access to reference books would have prevented the filing of a habeas action. Indeed, in the eventual habeas petition, Mr. Choate only identified four legal authorities: (1) 28 U.S.C. § 2241, which underlies the action; (2) 28 U.S.C. § 1391(b)(2), which relates to venue; (3) Okla. Stat. tit. 57 § 564, which pertains to exhaustion of administrative remedies; and (4) DOC policy, OP-

---

[33] Petitioner's Response to Motion for Dismissal or Summary Judgment at pp. 2-4 (Sept. 30, 2009).

[34] *See Irons v. Estep*, 291 Fed. Appx. 136, 138 (10th Cir. Aug. 19, 2008) (unpublished op.) (stating that Section 2244(d)(1)(B) "requires both that the state action constituting the impediment violate the Constitution and prevent the petitioner from filing his claim" (citation omitted)).

[35] Petitioner's Response to Motion for Dismissal or Summary Judgment at pp. 6-7 (Sept. 30, 2009).

10

060211, Section VII(A)(2)(a), relating to the sequence of sentences.[36] Mr. Choate does not explain why the limited access to seats in the law library or reference materials prevented the filing of the habeas petition for more than 5½ years but was overcome on August 6, 2009.[37]

The Petitioner also states that the grievance procedures are inadequate to allow a remedy for the inability to access the courts.[38] The alleged shortcomings involve the absence of meaningful answers to grievances.[39] But the Petitioner does not explain how the DOC's administrative responses prevented him from filing a habeas action. The entire administrative process took a total of two months and 18 days.[40] Even before the administrative process started, Mr. Choate would have had more than five years to file a habeas action.[41]

---

[36] Petition for Speedier Release Habeas Corpus at pp. 1, 3-4 (Aug. 11, 2009).

[37] *See Lloyd v. VanNatta*, 296 F.3d 630, 633 (7th Cir. 2002) (*per curiam*) (rejecting an argument under Section 2244(d)(1)(B), based on the unavailability of the trial transcript, because the petitioner was ultimately able to file the habeas petition without a complete copy).

[38] Petitioner's Response to Motion for Dismissal or Summary Judgment at p. 7 (Sept. 30, 2009) ("Doc prison officials do not have adequate DOC grievance procedures to allow Petitioner an administrative remedy on the issue of denial of access to the Courts.").

[39] Petitioner's Response to Motion for Dismissal or Summary Judgment at p. 9 (Sept. 30, 2009).

[40] *See* Petition for Speedier Release Habeas Corpus, Exhs. E, G (Aug. 11, 2009).

[41] As noted above, Mr. Choate should have been aware of the factual predicate for the claim as early as January 16, 2004. *See supra* pp. 8-9. Mr. Choate began the administrative process on April 8, 2009. Petition for Speedier Release Habeas Corpus, Exh. E at p. 5 (Aug. 11, 2009).

According to Mr. Choate, authorities also screened his outgoing legal pleadings in violation of federal law.[42] The Petitioner states that the screening "result[ed] in inadequate pleadings."[43] But he has not connected the screening process with anything that would delay the filing of a habeas petition for over five years.

Finally, Mr. Choate alleges notification during the "DOC Adjustment Review process" that his Cleveland County sentences had been satisfied.[44] This argument is invalid because: (1) the alleged notification did not independently violate the federal constitution or federal law;[45] and (2) authorities allegedly provided the misinformation on September 16, 2008, and August 18, 2009,[46] more than 3½ years after the limitations period would otherwise have expired.

VI. Recommendation

Mr. Choate's habeas claim is invalid, and the Court should grant summary judgment to the Respondent. Authorities properly administered the sentence, and the alleged error

---

[42] Petitioner's Response to Motion for Dismissal or Summary Judgment at pp. 7-8 (Sept. 30, 2009).

[43] Petitioner's Response to Motion for Dismissal or Summary Judgment at p. 8 (Sept. 30, 2009).

[44] Petitioner's Response to Motion for Dismissal or Summary Judgment at pp. 3-4 (Sept. 30, 2009).

[45] *See supra* p. 10 & note 34.

[46] *See* Petitioner's Response to Motion for Dismissal or Summary Judgment at pp. 3-4, Exhs. 2-3 (Sept. 30, 2009).

would not have affected Mr. Choate's time in prison. Ultimately, Mr. Choate failed to timely file the habeas petition regardless of the merit of the habeas claim.

VII. Notice of the Right to Object

The parties may seek review by filing an objection with the Clerk of this Court.[47] Any such objection must be filed with the Clerk of this Court by December 28, 2009.[48] The failure to timely object would foreclose appellate review of the suggested ruling.[49]

VIII. Status of the Referral

The referral is terminated.

Entered this 7th day of December, 2009.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge

---

[47] *See* 28 U.S.C. § 636(b)(1).

[48] *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a)(3)(A), 6(a)(5)-(6)(A), 6(d), 72(b)(2); *see also In re Closing of Court*, General Order 09-7 (W.D. Okla. Oct. 28, 2009) (Miles-LaGrange, C.J.) (closing the courthouse on December 24, 2009).

[49] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *cf. Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").